IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REYNALDO AHUMADA-ONTIVEROS, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:13-CV-3955-O-BK |
| | § | (3:12-CR-0075-O-1) |
| UNITED STATES OF AMERICA, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Petitioner, a federal prisoner, filed a *pro se* motion to vacate sentence under 28 U.S.C. § 2255. For the reasons that follow, it is recommended that this action be summarily dismissed.

**I. BACKGROUND**

Petitioner pled guilty to illegal reentry after removal from the United States and was sentenced to 85 months' imprisonment and a one-year term of supervised release. *United States v. Ahumada-Ontiveros*, 3:12-CR-0075-O-1 (N.D. Tex. Sep. 7, 2012), *appeal dismissed based on Anders v. California*, No. 12-10947 (5th Cir. Jun. 18, 2013). In the two grounds raised in this timely section 2255 motion, Petitioner asserts ineffective assistance of counsel at sentencing and on direct appeal. (Doc. 2 at 3-4; Doc. 3 at 6, 12-15).

**II. ANALYSIS**

This section 2255 motion is subject to summary dismissal. "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party." Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

1

After conviction and exhaustion or waiver of the right to direct appeal, the court presumes that a petitioner stands fairly and finally convicted. *See United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998) (citing *United States v. Shaid*, 937 F.2d 228, 231-32 (5th Cir. 1991) (*en banc*)). Under section 2255 a petitioner can collaterally challenge his conviction only on constitutional or jurisdictional grounds. *See United States v. Willis*, 273 F.3d 592, 595 (5th Cir. 2001).

To establish ineffective assistance of counsel, a petitioner must show that counsel's performance was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The same standard applies to a claim of attorney error on appeal. *Smith v. Robbins*, 528 U.S. 259, 285 (2000).

Petitioner asserts that his trial and appellate counsel failed to challenge the enhancement of his sentence under United States Sentencing Guideline § 2L1.2(b)(1)(A)(ii) based on his state conviction for burglary of habitation. In Texas, a conviction for burglary of a habitation, under TEX. PEN. CODE § 30.02(a)(1), constitutes a crime of violence for purposes of enhancement under U.S.S.G. § 2L1.2, while a conviction under section 30.02(a)(3) does not because it lacks the element of intent.[1] *See United States v. Morales–Mota*, 704 F.3d 410, 412 (5th Cir.), *cert.*

---

[1] The Texas burglary statute states:

> (a) A person commits an offense if, without the effective consent of the owner, the person:
>
> > (1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or
> > (2) remains concealed, with intent to commit a felony, theft, or an assault, in a building or habitation; or
> > (3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.

*denied*, 133 S.Ct. 2374 (2013) (collecting cases) (finding burglary of a habitation under section 30.02(a)(1) amounts to a crime of violence, which supports enhancement under U.S.S.G. § 2L1.2); *United States v. Constante*, 544 F.3d 584, 585-87 (5th Cir.2008) (finding burglary of a habitation under § 30.02(a)(3) does not constitute a crime of violence for purposes of the Armed Career Criminal Act); *United States v. Castro,* 272 Fed. App'x. 385, 386 (5th Cir. 2008) (*per curiam*) (same under U.S.S.G. § 2L1.2).

Petitioner contends that his state conviction for burglary of a habitation was under section 30.02(a)(3) and, thus, that it does not qualify as a crime of violence.  The state indictment, however, charged Petitioner in the conjunctive under both sections 30.02(a)(1) and (a)(3). *See* Presentence Report (PSR), Doc. 25-1 ¶ 26 in No. 3:12-CR-075-O-1.  The indictment reflected the defendant "unlawfully, intentionally, and knowingly entered a habitation without the effective consent of . . . the owner . . . with the intent to commit theft, *and further*, said defendant did intentionally and knowingly enter a habitation without the effective consent of . . . the owner . . . and did then and there commit and attempt to commit theft." *See* Attachment I.[2]  Thus, contrary to Petitioner's assertion, *United States v. Francisco Trevino-Rodriguez,* 463 Fed. App'x. 305, 307-08 (5th Cir. 2012), which involved only a conviction under section 30.02(a)(3), is inapposite.  (Doc. 3 at 6).

In addition, as reflected in his state judicial confession, Petitioner admitted to committing each allegation contained in the indictment. *See* Attachment I.  The Fifth Circuit has determined

---

TEX. PEN. CODE § 30.02.

[2] Defendant was convicted of burglary of a habitation under the name of Gustavo Rodriguez. *See* PSR ¶ 26.  The Court takes judicial notice of the state indictment and judicial confession obtained from the Dallas County District Clerk.  *See* Attachment I.

that where a defendant's judicial confession states that he "committed each and every allegation [the indictment] contains," the judicial confession is sufficient to support a finding that the defendant violated all sections listed in the indictment.  See United States v. Valdes, 403 Fed. App'x. 885, 893-95 (5th Cir. Dec. 7, 2010).  Therefore, because Petitioner pled guilty to violating sections (a)(1) and (a)(3), his trial and appellate counsel were not ineffective in failing to argue that Petitioner's state burglary conviction was not a crime of violence under U.S.S.G. § 2L1.2.  See Estrada-Montalvo v. United States, 3:09-CV-2472-P, 2011 WL 3606959 *2 (N.D. Tex. Aug. 12, 2011) (denying ineffective assistance of counsel's claim because the sentence was properly enhanced based on a state burglary conviction which charged an offense in the conjunctive under both sections (a)(1) and (a)(3)).

### III. RECOMMENDATION

For the foregoing reasons, it is recommended that the motion to vacate sentence under 28 U.S.C. § 2255 be summarily **DISMISSED** with prejudice.  See Rule 4(b) of the Rules Governing Section 2255 Proceedings for the United States District Courts.

SIGNED October 28, 2013.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In <u>order</u> to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n,* 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

# ATTACHMENT I

AA

DEFENDANT Rodriguez, Gustavo         W M  05121987   CHARGE BURG HAB
   AKA: GUSTAVO RODRIQEZ
ADDRESS    505 W Rochelle #2017, Irving, Tx         LOCATION DSO
FILING AGENCY TX0571500   DATE FILED January 04, 2006   COURT   CDC1
COMPLAINANT Ferrer, Arquimedes           F-0636891      VT#:
C/C       FERNANDO MORALES

TRUE BILL INDICTMENT

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS: The Grand Jury of

Dallas County, State of Texas, duly organized at the ___January___ Term, A.D., __2006__ of the

___Criminal District Court 1___, Dallas County, in said Court at said

Term, do present that one        RODRIGUEZ, GUSTAVO         , Defendant,

On or about the  __27th__ day of December A.D., __2005__ in the County of Dallas and said State, did

unlawfully, intentionally and knowingly enter a habitation without the effective consent of ARQUIMIDES FERRER, the owner thereof, with the intent to commit theft,

and further, said defendant did intentionally and knowingly enter a habitation without the effective consent of ARQUIMIDES FERRER, the owner thereof, and did then and there commit and attempt to commit theft,

against the peace and dignity of the State.

Bill Hill
Criminal District Attorney of Dallas County, Texas

*William H. Pool* (signature)
Foreman of the Grand Jury.

TDC/COURT

AA

DEFENDANT Rodriguez, Gustavo         W M  05121987     CHARGE BURG HAB
   AKA: GUSTAVO RODRIQEZ
ADDRESS   505 W Rochelle #2017, Irving, Tx         LOCATION DSO
FILING AGENCY TX0571500   DATE FILED  January 04, 2005       COURT    CDC1
COMPLAINANT   Ferrer, Arquimedes                  F-0636891    VT#:
C/C         FERNANDO MORALES

THE STATE OF TEXAS                              CAUSE NO. F-0636891

   VS.
                                                CRIMINAL DISTRICT COURT
Rodriguez, Gustavo                              DALLAS COUNTY, TEXAS

## JUDICIAL CONFESSION

Comes now Defendant in the above cause, in writing and in open Court, and consents to the stipulation of the evidence in this case and in so doing expressly waives the appearance, confrontation and cross-examination of witnesses. I further consent to the introduction of this Judicial Confession, and testimony orally, by affidavits, written statements of witnesses and other documentary evidence. Accordingly, having waived my Federal and State constitutional right against self-incrimination, and after having been sworn, upon oath, I judicially confess to the following facts and agree and stipulate that these facts are true and correct and constitute the evidence in this case:

On the   27 th   day of December A.D., 2005   , in Dallas County, Texas, I did unlawfully,

unlawfully, intentionally and knowingly enter a habitation without the effective consent of ARQUIMIDES FERRER, the owner thereof, with the intent to commit theft,

and further, said defendant did intentionally and knowingly enter a habitation without the effective consent of ARQUIMIDES FERRER, the owner thereof, and did then and there commit and attempt to commit theft,

I further judicially confess that I committed the offense with which I stand charged exactly as alleged in the indictment in this cause.

APPROVED BY:

_____                  X _____
Attorney for Defendant                        Defendant

SWORN TO AND SUBSCRIBED before me on the ___19___ day of __June__ 20_07_

APPROVED BY:                             JIM HAMLIN, CLERK
                                         DISTRICT COURTS OF
                                         DALLAS COUNTY, TEXAS

_____                  By _____
Assistant District Attorney                   Deputy District Clerk

Defendant's agreement to stipulate and waiver of confrontation and cross-examination of witnesses are in all things approved by the Court. The above Judicial Confession is hereby approved by the Court.

                                         _____
                                         PRESIDING JUDGE

JUDICIAL CONFESSION