IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REYNALDO AHUMADA-ONTIVEROS, | § § § § § | |
| Petitioner, | § § | |
| v. | § § | Civil Action No. 3:13-cv-3955-O |
| UNITED STATES OF AMERICA, | § § § | |
| Respondent. | § § § | |

**ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF
THE UNITED STATES MAGISTRATE JUDGE**

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. Petitioner filed objections. The Court has conducted a *de novo* review of those portions of the proposed findings and recommendation to which objection was made. The Court finds that the Findings, Conclusions, and Recommendation of the United States Magistrate Judge are correct. Accordingly, Petitioner's objections are **OVERRULED**, and the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge as the findings of the Court.

Petitioner pled guilty to illegal reentry after removal from the United States and was sentenced to eighty-five months' imprisonment and a one-year term of supervised release. *See* Findings Conclusions Recommendation ("FCR") 1, ECF No. 4. Petitioner filed a Section 2255 motion asserting ineffective assistance of counsel at sentencing and on direct appeal. *Id.* Petitioner asserts that his trial and appellate counsel failed to challenge the enhancement of his sentence based on his state conviction for burglary of habitation. *Id.* at 2 (citing U.S.S.G. § 2L1.2(b)(1)(A)(ii)).

In Texas, a person commits burglary when, without the effective consent of the owner, the person:

> (1) enters a habitation, or a building (or any portion of a building) not then open to the public, with intent to commit a felony, theft, or an assault; or . . .
> (3) enters a building or habitation and commits or attempts to commit a felony, theft, or an assault.

Tex. Pen. Code § 30.02(a)(1), (3). A conviction for burglary of a habitation under § 30.02(a)(1) constitutes a crime of violence ("COV"), while a conviction under § 30.02(a)(3) does not. *United States v. Eikelboom*, ___ F. App'x ___, 2013 WL 5977145, at *2 (5th Cir. 2013); *United States v. Morales-Mota*, 704 F.3d 410, 412 (5th Cir. 2013). The United States Sentencing Guidelines "provide[] for an increase of sixteen to a base offense level if the defendant was previously deported after being convicted of a COV." *Morales-Mota*, 704 F.3d at 412 (citing U.S.S.G. § 2L1.2(b)(1)(A)(ii)).

Petitioner alleges that the magistrate judge erred in concluding that Petitioner's state burglary of habitation conviction was made under § 30.02(a)(1), rather than § 30.02(a)(3). *See* Pet'r's Objection 4-5, ECF No. 5 (citing *United States v. Constante*, 544 F.3d 584 (5th Cir. 2008)). The indictment stated that Petitioner did

> unlawfully, intentionally and knowingly enter a habitation without the effective consent of [the owner] . . . with the intent to commit theft,
>
> and further, said defendant did intentionally and knowingly enter a habitation without the effective consent of [the owner] . . . and did then and there commit and attempt to commit theft.

*Id.* at 7 (Petitioner's Indictment). Petitioner also signed a judicial confession that contained identical language to the indictment. *See id.* at 8 (Petitioner's Judicial Confession). Furthermore, Petitioner's

2

confession stated that Petitioner confessed that he "committed the offense with which I stand charged *exactly as alleged* in the indictment in this cause." *Id.* at 8 (emphasis added); *see also Eikelboom*, 2013 WL 5977145, at *2 ("Because [§ 30.02] has disjunctive subsections, we may look to the allegations in the charging instrument, but only to ascertain under which statutory subsection the defendant was convicted.") (internal citation omitted).

Petitioner first alleges that the magistrate judge erroneously based her findings on what Petitioner's indictment alleged, and not what he actually pleaded guilty for and was convicted of in state court. Pet'r's Objection 4, ECF No. 5. The Court rejects this argument because Petitioner's indictment and judicial confession contained identical language in terms of the offense committed and Petitioner confessed that he "committed the offense with which I stand charged exactly as alleged in the indictment in this cause." *See* FCR 8, ECF No. 4.

Petitioner next alleges that the magistrate judge erroneously found that his sentence should be enhanced for a COV, even though he was convicted under § 30.02(a)(1) in conjunction with (a)(3). *See* Pet'r's Objection 4, 6-7, ECF No. 5. Petitioner cites *United States v. Constante*, to assert that burglary under § 30.02(a)(3) is not a COV, and therefore, does not qualify for sentencing enhancements. *Id.* at 4; *see also Constante*, 544 F.3d at 587. In *Constante*, the Fifth Circuit found that the government failed to carry its burden of proving that the defendant qualified for an enhancement because the defendant's indictments were unclear whether he was convicted under § 30.02(a)(1) or (a)(3). *Id.* at 586-87. The Fifth Circuit recently noted that when an indictment charges a defendant conjunctively with § 30.02(a)(1) and (a)(3) and it is unclear under which subsection he was convicted, the Fifth Circuit must consider that the defendant was convicted under § 30.02(a)(3), which does not qualify as a COV. *See United States v. Gomez*, ___ F. App'x ___,

2013 WL 4774505, at *1 n.1 (5th Cir. 2013).

The Court may examine Petitioner's indictment, judicial confession, and state court judgment to determine whether Petitioner's prior conviction was for a COV. *See United States v. Valdes*, 403 F. App'x 885, 892-93 (5th Cir. 2010) (citing *United States v. Garcia-Arellano*, 522 F.3d 477, 480-81 (5th Cir. 2008)); *see also Eikelboom*, 2013 WL 5977145, at *2. In state court, Petitioner pled guilty and was convicted of "the offense with which I stand charged exactly as alleged in the indictment . . . ." FCR 8, ECF No. 4. The Fifth Circuit determined that a judicial confession that the defendant committed each and every allegation in the indictment is sufficient to establish that he was convicted of generic burglary, which is qualified to enhance his sentence. *See Valdes*, 403 F. App'x at 893 (citing *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009)); *see also United States v. Cervantes-Aguilar*, No. EP-10-CR-3081-PRM, 2011 WL 3666320, at *3 (W.D. Tex. July 21, 2011) (applying *Valdes* to defendant's judicial confession that stated "I . . . admit all of the allegations in the indictment contained in the cause and I confess that I committed the offense(s) charged in the indictment"). Accordingly, it was not unclear which subsection of § 30.02 Petitioner was convicted of because he pled guilty to and was convicted for the offenses "exactly as alleged" in the indictment. *See* FCR 8, ECF No. 4. Therefore, Petitioner's trial and appellate counsel were not ineffective in failing to argue that Petitioner's state burglary conviction was not a COV. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Based on the foregoing, the Court finds that the Findings, Conclusions, and Recommendation of the Magistrate Judge should be and are hereby **ACCEPTED** as the findings and conclusions of this Court. Therefore, it is **ORDERED** that Petitioner's Motion to Vacate Sentence under Section 2255 should be and is hereby **DISMISSED with prejudice**.

**SO ORDERED** on this **9th day** of **December, 2013**.

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**